(January 2, 1986)

■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v MARGUERITE SIBTHORP, Also Known as MARGUERITE SIBTHORPE, et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered July 18, 1985, which, *inter alia,* denied plaintiff's motion for partial summary judgment and a reference against defendant Mylene Liggett is modified, on the law, with costs, to grant plaintiff's motion for partial summary judgment as to its second cause of action against Mylene Liggett in the amount of $745,000, and to direct a reference to compute any additional amounts owed under this cause. As so modified, the order is otherwise affirmed.

Defendants Mylene and Joseph Liggett formed Westex Corporation in 1979. To finance the new corporation defendants obtained a series of loans from plaintiff bank. These loans were secured by a mortgage upon real estate owned by the Liggetts, and subsequently conveyed to Marguerite Sibthorp, at 6 Riverview Terrace in New York City. It turns out, however, that Sibthorp has no ownership interest in the subject real property because she received it by means of a fraudulent conveyance. *(Liggett v Liggett,* index No. 3119/80, *affd for reasons stated by Special Term* 109 AD2d 642.) A mortgage securing the loans extended to Westex was also taken out on property owned by Mylene Liggett in Southampton, New York. This mortgage is being foreclosed upon in a separate proceeding in Suffolk County. Also pledged as collateral for the loans to Westex Corporation were several certificates of deposit and the accounts receivable of the corporation. In addition, during 1980 and 1981, the Liggetts executed unlimited personal guarantees of all the loans extended to Westex.

Westex faltered and eventually went into bankruptcy. Plaintiff gave notice of default on the Westex loans in July and September 1982. This action was commenced in October 1982, seeking foreclosure of a mortgage on the Riverview Terrace property, which mortgage secured a $400,000 personal loan to the Liggetts and Sibthorp. A second cause of action sought recovery upon the Liggetts' unlimited personal guarantees of the Westex loans. At the time of default, after application of the collateral in plaintiff's hands, the outstanding commercial loan obligation of Westex was in the amount of $875,000. A sum of $70,601.15 was also allegedly due on an accounts receivable loan.

During the pendency of the present action, Helen Liggett, former wife of defendant Joseph Liggett, obtained a judgment against him for breach of their separation agreement. A sheriff's sale of 6 Riverview Terrace was ordered pursuant to CPLR 5236 to satisfy Helen Liggett's judgment. *(Liggett v Liggett, supra.)* Plaintiff, relying on its status as a mortgagee, has sought to establish a right to the sale proceeds. It has, however, been determined that plaintiff has no right as a mortgagee to the proceeds of a sale to enforce a money judgment under CPLR 5236. *(Bank Leumi v Liggett,* index No. 12744/84; *see,* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5236.26.) Moreover, plaintiff's mortgage is junior to the judgment lien of Helen Liggett and will, therefore, be extinguished by the execution sale. The execution sale has not yet taken place, but is supposed to occur in the near future. In any case, plaintiff's foreclosure action is rendered largely moot by the impending execution sale in which plaintiff may not participate as a mortgagee.

Plaintiff may, however, assert a claim to the execution sale proceeds as a judgment creditor provided plaintiff obtains executions on money judgments rendered in its favor against defendants and delivers such executions to the Sheriff before the sale occurs (CPLR 5236 [g] [1]). Towards this end, plaintiff seeks partial summary judgment as to the loan guarantees executed by Mylene Liggett.

Special Term denied plaintiff summary judgment on Mylene Liggett's loan guarantees based upon Mylene Liggett's assertions that she had not yet had an opportunity for discovery to support her allegations that collateral held by plaintiff was not properly accounted for or fully applied to reduce the amount owing. Mylene Liggett claimed she needed access to plaintiff's records as well as those of Westex, now in the possession of a bankruptcy trustee.

We can find no real factual issue either as to Mylene Liggett's obligation on the loan guarantees, or as to the $745,000 amount claimed by plaintiff on the commercial loan obligation (the $875,000 commercial loan balance less $130,000 expected in the Suffolk County foreclosure action). The entirely conclusory allegations of Mylene Liggett that collateral has been misapplied or unaccounted for are without any factual underpinning and are, therefore, insufficient to raise a triable issue as against plaintiff's affidavit in support of partial summary judgment, giving detailed computations of the amounts owing at default and the subsequent applications of collateral.

Nor is Mylene Liggett's claimed need for disclosure convincing. We note that the Liggetts' counsel in the Westex bankruptcy proceeding had extensive access to plaintiff's records. In addition, the bankruptcy trustee has indicated that Mylene Liggett has been allowed access to Westex's records for some time. There is then little excuse for further delay in affording plaintiff the relief to which it is demonstrably entitled.

Should dispute arise as to amounts owing under plaintiff's second cause of action in excess of the $745,000 to which plaintiff has established a clear entitlement, a reference is directed pursuant to CPLR 3212 (c). Concur—Murphy, P. J., Kupferman, Ross, Lynch and Kassal, JJ.